UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Cesar Estuardo Charuco-Urrutia,

        Plaintiff

v.

Pamela Bondi, et al.,

        Defendants

Case No. 2:26-cv-00012-CDS-NJK

**Order Denying the Petitioner's Writ of Habeas Corpus**

[ECF No. 5]

      In January 2026, petitioner Cesar Charuco-Urrutia filed an uncounseled petition for writ of habeas corpus, requesting that the court issue a restraining order on Immigration and Customs Enforcement (ICE) and the immigration court, grant his writ pursuant to 28 U.S.C. § 2241, and order his release from detention. *See* Pet., ECF No. 5 at 8.[1] The respondents filed a response, and the petitioner filed a reply. *See* Resp., ECF No. 13; Reply, ECF No. 14. This matter is now fully briefed. For the reasons explained herein, Charuco-Urrutia did not state proper grounds to grant relief for a writ of habeas corpus petition, so I deny his petition.

I.    Discussion

      The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

---

[1] Counsel was appointed to represent the petitioner at the same time the court ordered service of the petition. *See* Serv. order, ECF No. 4; Not. of appearance, ECF No. 8.

Charuco-Urrutia is a native and citizen of Guatemala. ECF No. 13 at 2. He asserts in his petition that, after spending five months[2] in jail in Weber County Sheriff Correctional Facility in Ogden, Utah, he was placed on thirty-six months "probational stipulations."[3] ECF No. 5 at 7. He asserts that upon the completion of most of his term of probation, ICE arrested him, and he has been detained ever since. *Id.* The petition alleges two purported grounds for relief: (1) a violation of his due process rights, and (2) an unnamed violation of his rights due to childhood abuse at the hands of his stepfather, who is a U.S. citizen. *See id.* at 6–7.

The respondents assert that Charuco-Urrutia does not identify any procedural defect in the bond proceedings or any misapplication of the governing legal standard, so he is properly detained and there is no basis to grant relief. *See* ECF No. 13. The respondents also argue that Charuco-Urrutia failed to exhaust his administrative remedies before bringing this petition. *Id.* at 6–7. In reply, the petitioner acknowledges that the procedural posture of this case is different than that of other immigration-related-detention challenges pending before the court and that Charuco-Urruita does not have a claim that is cognizable in habeas corpus. *See* ECF No. 14 at 2.

Having reviewed the pleadings, I agree with the petitioner. Because Charuco-Urrutia fails to meet his burden in providing grounds for his requested relief, his petition is denied without prejudice. Denial without prejudice allows Charuco-Urrutia to bring a future habeas petition should a cognizable claim arise.

II.   Conclusion

IT IS ORDERED that Charuco-Urrutia's petition for writ of habeas corpus [ECF No. 5] is DENIED without prejudice.

The Clerk of Court is kindly instructed to close this case.

Dated: February 9, 2026

_____
Cristina D. Silva
United States District Judge

---

[2] It is unclear from the petition what month this took place.
[3] I construe this as a 36-month probationary sentence.

2